**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SIDNEY KEYS, SR., Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-00370-JMB |
| LAW OFFICE OF BYRON COHEN, Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Sidney Keys, Sr.'s application to proceed in the district court without prepayment of fees and costs. Based on the financial information contained in the application, the Court will grant it. Additionally, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed without payment of the filing fee if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. §1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must

allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**The Complaint**

Plaintiff brings this civil complaint against defendant Law Offices of Byron Cohen, alleging Cohen and others conspired to force plaintiff to pay child support. He states this occurred on September 16, 2005 in the St. Louis County Family Court. For his jurisdictional allegations, plaintiff states that he has raised a federal question: "civil rights violation, embezzlement, and grand theft." For damages, he seeks "whatever the jury awards." ECF No. 1 at 5.

**Discussion**

The Court will dismiss plaintiff's claims on initial review as time barred. Plaintiff complains of a ruling in Missouri state court that occurred nearly twenty years ago. While there is no statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*,

393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

The statute of limitations on plaintiff's claims began running on September 16, 2005, when the St. Louis County Family Court issued its ruling. The limitations period expired on September 16, 2010. Plaintiff filed this case on March 24, 2025, well past the filing deadline. To the extent plaintiff is alleging state law claims of embezzlement and grand theft, the Court declines to exercise supplemental jurisdiction. For these reasons, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 31st day of March, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE